FILED
2017 Nov-06 PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | | |
|---|---|---|---|
| **REGINALD WOODS,** | } | | |
| | } | | |
| Petitioner, | } | | |
| | } | | |
| v. | } | Case No.: | 1:17-cv-08029-RDP |
| | } | | 1:97-cr-00159-RDP-TMP |
| **UNITED STATES OF AMERICA,** | } | | |
| | } | | |
| Respondent. | } | | |

**MEMORANDUM OPINION**

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner Reginald Woods ("Petitioner"), a federal prisoner acting *pro se*, pursuant to 28 U.S.C. § 2255. (Case No. 1:17-cv-08029-RDP, Doc. # 1). Following the filing of Petitioner's pending § 2255 Motion, the Government moved to dismiss Petitioner's Motion for lack of jurisdiction. (Case No. 1:17-cv-08029-RDP, Doc. # 5). For the reasons explained below, the Government's Motion (Case No. 1:17-cv-08029-RDP, Doc. # 5) is due to be granted.

**I. Background**

Petitioner has previously filed both a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and an application for leave to file a second or successive § 2255 motion. (Case No. 1:97-cr-00159-RDP-TMP-1, Docs. # 104, 108). Petitioner filed his first § 2255 Motion on August 12, 2014. (Case No. 1:14-cv-08046-JHH, Doc. # 1). On January 23, 2015, the court denied Petitioner's § 2255 Motion. (Case No. 1:14-cv-08046-JHH, Docs. # 13, 14).

1

Petitioner requested leave from the Eleventh Circuit to file a second or successive § 2255 Motion on June 23, 2016. (Case No. 1:97-cr-00159-RDP-TMP-1, Doc. # 108). In his Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence, Petitioner alleged that -- based on the new rule of law created in *Johnson v. United States*, 135 S. Ct. 2551 (2015) -- the definition of "crime of violence" contained in 18 U.S.C. § 924(c) "is unconstitutional and violates due process." (Case No. 1:17-cv-08029-RDP, Doc. # 5-1 at p. 5). On July 7, 2016, the Eleventh Circuit denied Petitioner's application. (Case No. 1:17-cv-08029-RDP, Doc. # 5-2).

Petitioner filed the § 2255 Motion currently pending before the court on June 28, 2017. (Case No. 1:17-cv-08029-RDP, Doc. # 1). In his § 2255 Motion, Petitioner argues that (1) he is "actually innocent" of the § 924(c) penalty under *Johnson*, (2) bank robbery and carjacking are not "crimes of violence" under *Johnson*, (3) the court was without jurisdiction to impose the 924(c) penalty under *Johnson*, and (4) the court was without jurisdiction to impose the 924(c) penalty "for the unlawful deference involved." (*Id.* at p. 3-4).

After the Government moved to dismiss Petitioner's Motion (Case No. 1:17-cv-08029-RDP, Doc. # 5), the court ordered Petitioner to "**respond with counter-affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to be decided.**" (Case No. 1:17-cv-08029-RDP, Doc. # 6) (emphasis included). The court warned Petitioner that (1) he was "not [to] depend upon the mere allegations in his pleadings to counter [the Government's motion]," (2) "**[t]he granting of summary dismissal is a final adjudication with prejudice on the merits**," and (3) he "may not add any additional claims and should not think that new allegations he makes in his response or in any document other than the Motion presents additional claims to the court." (*Id.*) (emphasis included).

2

Petitioner responded to the Government's motion to dismiss on August 16, 2017. (Case No. 1:17-cv-08029-RDP, Doc. # 7). In his response, Petitioner argues (1) the Comprehensive Crime Control Act of 1984 is unconstitutional, (2) bank robbery and carjacking are not "violent crimes" in light of *Johnson*, 135 S. Ct. 2551, and (3) he has made a *prima facie* showing that his conviction under 18 U.S.C. § 924(c) is void for vagueness due to *Johnson*, 135 S. Ct. 2551. On October 25, 2017, Petitioner moved to supplement his response by including two additional cases.[1] (Case No. 1:17-cv-08029-RDP, Doc. # 8).

## II. Analysis

A second or successive motion under 28 U.S.C. § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. Section 2244 provides that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent an order from the court of appeals authorizing the consideration of the application, "the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

### A. Petitioner's *Johnson* Claims

In Grounds One, Two, and Three of the pending § 2255 Motion, Petitioner alleges that he should be resentenced based on *Johnson*, 135 S. Ct. 2551. (Case No. 1:17-cv-08029-RDP, Doc.

---

[1] Petitioner asked the court to consider *Doriety v. United States*, Case No. C16-0924-JCC (W.D. Wash. Nov. 9, 2016) and *Knox v. United States*, Case No. C16-5502-BHS (W.D. Wash. Jan. 24, 2017). These cases are not relevant to Petitioner's claims because both *Doriety* and *Knox* involved convictions related to unarmed bank robberies; whereas, Petitioner's conviction involved an armed robbery. Furthermore, as the Eleventh Circuit previously explained to Petitioner, he "cannot make a *prima facie* showing that he is entitled to relief under *Johnson* because his armed bank robbery convictions under § 2113(a) and (d) are crimes of violence under the use-of-force clause in § 924(c)." (Case No. 1:17-cv-08029-RDP, Doc. # 5-2 at p. 6).

3

# 1 at p. 3-4). The Eleventh Circuit has already considered Petitioner's conviction in light of *Johnson*, 135 S. Ct. 2551, and found that "Woods cannot make a *prima facie* showing that he is entitled to relief under *Johnson*." (Case No. 1:17-cv-08029-RDP, Doc. # 5-2). Because the Eleventh Circuit previously denied Petitioner's application to raise the *Johnson* claims on which Petitioner bases Grounds One, Two and Three of his pending § 2255 Motion, the court is without jurisdiction to consider these claims, and they are due to be dismissed with prejudice for want of jurisdiction. *See In re Bradford*, 830 F.3d 1273, 1278-79 (11th Cir. 2016) (explaining that § 2244 is a jurisdictional requirement and that federal courts lack jurisdiction over a claim that was presented in a prior application); *In re Anderson*, 829 F.3d 1290, 1293 (11th Cir. 2016) ("[D]enials of successive applications are with prejudice.").

### B. Petitioner's Unlawful Deference Claim

Ground Four of Petitioner's § 2255 Motion appears to allege that the Comprehensive Crime Control Act of 1984 is unconstitutional and, therefore, the court lacked jurisdiction to impose § 924(c) charges on Petitioner. (*See* Case No. 1:17-cv-08029-RDP, Docs. # 1 at p. 4; # 8 at p. 5-6). Although Petitioner has previously filed a § 2255 Motion (Case No. 1:14-cv-08046-JHH, Doc. # 1), Petitioner has not obtained an order from the Eleventh Circuit authorizing this court to consider Ground Four of this second or successive § 2255 Motion. Without such an order, this court lacks jurisdiction to consider Ground Four of the instant § 2255 Motion. *See Farris*, 333 F.3d at 1216 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). As such, Ground Four of Petitioner's § 2255 Motion is due to be dismissed without prejudice for want of jurisdiction.

## III. Conclusion

For these reasons, the court concludes that Grounds One, Two, and Three are due to be

dismissed with prejudice and Ground Four is due to be dismissed without prejudice. The court will enter a separate order in accordance with this memorandum opinion.

    **DONE** and **ORDERED** this November 6, 2017.

                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE